KAREN NELSON MOORE, Circuit Judge,
concurring in part and dissenting in part.
I agree entirely with the majority’s well-written and well-reasoned explanation of the relationship between the Parratt and qualified-immunity doctrines. However, I cannot concur in the majority’s ultimate conclusion that the Parratt doctrine applies in this case, because I do not believe that the defendants’ actions were “unauthorized” as defined by the Supreme Court in Zinermon v. Burch, 494 U.S. 113, 138, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). As a result, I must respectfully dissent from Part II.C.3 of the lead opinion.
In Zinermon, “[t]he State delegated to [the defendants] the power and authority to effect the very deprivation complained of ..., and also delegated to them the concomitant duty to initiate the procedural safeguards set up by state law to guard against unlawful confinement.” Id. The Court distinguished that case from Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), and Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), by noting that the state employees in those cases “had no similar broad authority to deprive prisoners of their personal property, and no similar duty to initiate (for persons unable to protect their own interests) the procedural safeguards required before deprivations occur.” Zinermon, 494 U.S. at 138, 110 S.Ct. 975. Thus, the Court concluded that “[t]he deprivation [in Zinermon was] ‘unauthorized’ only in the sense that it was not an act sanctioned by state law, but, instead, was a ‘deprivation] of constitutional rights ... by an official’s abuse of his position.’ ” Id. (quoting Monroe v. Pape, 365 U.S. 167, 172, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961)) (third alteration and ellipsis in original). As a result, Zinermon allowed the plaintiffs due-process claim, which focused on the denial of predeprivation process, to go forward.
The case here is similar to Zinermon. Section 4123.37 of the Ohio Revised Code grants the Bureau power to present the Court of Common Pleas clerk with the Bureau’s assessment of premiums in arrears and to cause a judgment to be entered against the noncompliant employer. Ohio law also imposes upon the Bureau, *911 and its employees, the responsibility to follow the procedural safeguards set forth in § 4123.37 to protect the due-process rights of the noncompliant employers. The fact that the defendants failed to follow the state-mandated procedures does not mean that they were not legally empowered to effect those deprivations. As a result, I would hold that the defendants’ actions were authorized and, therefore, that the Parratt doctrine does not apply. Plaintiff should be able to proceed on its claim based on a denial of predeprivation process, and defendants’ motion for judgment on the pleadings should be denied. Because the majority sees this close question differently, I must respectfully dissent.